

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

June 9, 2021

Dwight E. Crowley, Esq.
Law Office of Dwight E. Crowley
1300 I Street NW, Suite 400E
Washington, D.C. 20005
***Via Email To: vadclawyer@gmail.com***

           Re:    United States v. Diante Arik Wiley, 21-CR-300 (ABJ)
                    Initial Discovery Production

Dear Mr. Crowley:

      As you are aware, your client, Diante Wiley, is under indictment in the United States District Court for the District of Columbia. Pursuant to your oral request for discovery, the United States hereby provides the following and requests reciprocal discovery.

I.        Defendant's Statements – Federal Rule of Criminal Procedure 16(a)(1)(A)-(C)

      The United States is unaware of any statements by your client, other than those included in the electronic evidence that was provided (if any).   The United States notes that you have already been provided with a video recording of your client's post-arrest interview.

II.       Defendant's Prior Criminal Record – Federal Rule of Criminal Procedure 16(a)(1)(D)

      The United States is aware that your client has prior criminal convictions, as reflected in the Pretrial Services Agency's report in this case.

III.      Documents and Tangible Objects – Federal Rule of Criminal Procedure 16(a)(1)(E)

      The United States has provided you with electronic evidence via the United States

Attorneys' File Exchange ("USAFX") Network. Specifically, this evidence includes the following:

   a. Investigative Reports, with attachments.
   b. Grand Jury subpoenas issued during the investigation.
   c. Search Warrants obtained during the investigation.
   d. Information provided pursuant to Grand Jury subpoena.
   e. Information seized pursuant to Search Warrants.
   f. Photographs taken during your client's arrest on April 9, 2021.
   g. Photographs taken during the execution of Search Warrants on four premises and one automobile on April 9, 2021.
   h. Digital extractions from a cellular telephone seized from your client on April 9, 2021.

Additionally, the United States is in possession of certain physical evidence which cannot be disclosed, but which may be inspected by you. If you would like to schedule a time to inspect any such evidence, please let me know.

IV.   Reports of Examinations and Tests – Federal Rule of Criminal Procedure 16(a)(1)(F)

The United States is not currently in possession of any reports of examinations or tests in this matter, other than those included in the electronic evidence that was provided (if any).

V.   Expert Witnesses – Federal Rule of Criminal Procedure 16(a)(1)(G)

The United States has not yet identified the need to retain any expert witnesses. If this case proceeds to trial, the United States will provide timely notice of any expert witnesses that it intends to call during its case-in-chief.

VI.   *Brady*/*Giglio* Materials

The United States has provided discovery of all exculpatory and impeaching material under *Brady*/*Giglio*. The United States is unaware of any *Brady*/*Giglio* material other than what has already been produced, but will provide timely disclosure if any such material comes to light.

VII.   Witness Statements

At this time, the United States is not aware of any statements by civilian witnesses, other than the cooperating witness, except those included in the electronic evidence that was provided, if any.

VIII.   Continuing Obligations

The United States is aware of its continuing obligations pursuant to Federal Rule of Criminal Procedure 16(c) and will forward any supplemental discovery to you as soon as it becomes available to the United States.

IX.   Request for Reciprocal Discovery

The United States hereby requests reciprocal discovery under Federal Rule of Criminal Procedure 16(b). Specifically, we request that you allow inspection and copying of: (1) any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items that are in your possession, custody, or control and which the defense intends to use in its case-in-chief at trial; and (2) any results or reports of any physical or mental examination and of any scientific test or experiment that is in your possession or control and which the defense intends to use in its case-in-chief at trial or which was prepared by a witness whom you intends to call at trial. We further request that you disclose a written summary of testimony you intend to use under Federal Rules of Evidence 702, 703 or 705 as evidence at trial.

Pursuant to Fed. R. Crim. P. 26.2, the Government also requests that you disclose prior statements of witnesses Defendant will call to testify.

X.   Acceptance of Responsibility

If your client wishes to accept responsibility and negotiate a plea agreement in this case, please contact me at your earliest convenience.   Should your client be separately willing to participate in a proffer regarding the facts of his case, please contact me so that I can arrange a meeting. Any such meeting would be conducted pursuant to standard proffer protection.

Please understand that, should you elect to file substantive motions in this matter, the United States will oppose the one-level Guidelines reduction pursuant to USSG § 3E1.1(b), and may elect to discontinue plea negotiations altogether.

    Sincerely yours,

    CHANNING D. PHILLIPS  
    ACTING UNITED STATES ATTORNEY

BY:    _____  
    James B. Nelson  
    Assistant United States Attorney